THE ESTERLY HARVESTING MACHINE COMPANY, Appellant, v. JOHN CRISWELL, Respondent.

St. Louis Court of Appeals, May 15, 1894.

**Sales:** PROOF OF INTENTION OF PARTIES: INSTRUCTIONS. While the issue whether or not there was a sale is one of intention, the existence of the requisite intention must always be determined by the conduct, acts and express declarations of the parties, and not by their secret purposes. And it is held that an instruction in this cause was misleading and erroneous under this rule.

*Appeal from the Audrain Circuit Court.—*HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*W. W. Fry* for appellant.

Defendant's third instruction is manifestly wrong. The jury was instructed that plaintiff must affirmatively prove not only that this machine was delivered "for this purpose of passing title," but also that defendant "received and accepted it with this view and for the purpose of making it his own;" and the jury were further directed that, if they believed "that such intentions did not exist in the minds of both parties at the time and were not made known to each other, then there is no sale, notwithstanding the delivery." The meet-

ing of the minds, which is essential to the formation of a contract, is not determined by the secret intentions of the parties, but by their expressed intention which may be wholly at variance with the former. *Brewington v. Mesker*, 51 Mo. App. 356; *Robinson v. Estes*, 53 Mo. App. 585; *Kendall v. Bain*, 46 Mo. App. 594.

*Edmonston & Cullen* for respondent.

The third instruction properly declares the law. The question of transfer to and vesting title in the purchaser always involves an inquiry into the intention of the contracting parties; and it is to be ascertained whether their negotiations and acts show an intention on the part of the seller to relinquish all further claims as owner, and also an intention on the part of the buyer to receive the thing in question with the view or for the purpose of making it his own. If the jury find that there was no such intention, there is no sale. *Ober v. Carson*, 62 Mo. 209; *England v. Martland*, 3 Mo. App. 490; *Kendal v. Bane*, 46 Mo. App. 594; *Thomas v. Ramsey*, 47 Mo. App. 98; *Halley v. Railroad*, 34 Mo. App. 202; Benjamin on Sales, [1 Am. Ed.], sec. 39.

BIGGS, J.—This is an action to recover the purchase price of a combined reaping and mowing machine, which, it was alleged, had been sold to the defendant. It was conceded that the machine was delivered to the defendant by the plaintiff's local agent at Farber, and that defendant had harvested his crop of oats with it. The plaintiff alleged that the delivery was in pursuance of a purchase. The defendant contended that the agent loaned him the machine with which to cut his oats. The issue was found for the defendant, and the plaintiff has appealed. The chief complaint made in this court pertains to the defendant's instructions.

The instructions given on behalf of the defendant are as follows:

"1. The court instructs the jury in this case that the burden of proof is on plaintiff to prove to the satisfaction of the jury, by the greater weight of the testimony, that defendant did buy the machine, and agreed to pay $120 for it; and, in determining whether or not he did so, you will take into consideration all the circumstances and testimony given in evidence.

"2. The court instructs the jury that, even though they believe that defendant did take the machine into his possession and use it in cutting a part of his harvest, yet, before plaintiff can recover, it must be shown that such delivery was pursuant to an agreement with defendant whereby the defendant became the purchaser of the said machine; and the burden of proving said agreement rests on the plaintiff.

"3. The court instructs the jury that, in order to establish a sale of the machine to defendant, it is incumbent on plaintiff to prove affirmatively that they delivered the machine in controversy to defendant for the purpose of passing title thereto to him, and that he received and accepted the same with the view and for the purpose of making it his own; *and, if you believe that such intentions did not exist in the minds of both parties at the time, and were not made known to each other, then there is no sale notwithstanding the delivery.*"

The first and second instructions seem to be unobjectionable. The latter clause of the third instruction is erroneous and misleading. It is true that in every case of purchase the question of sale or no sale is a matter of intention; but such intention must always be determined by the conduct, acts and express declarations, of the parties and not by the secret intention existing in the mind or minds of the contracting parties. If the validity of such a contract depended upon the

secret intentions of the parties, then no oral contract of sale could be relied on with safety. As was said by this court in *Brewington v. Mesker*, 51 Mo. App. 348, "The meeting of the minds, which is essential to the formation of a contract, is not to be determined by the *secret* intentions of the parties but their *expressed* intention, which may be wholly at variance with the former." And said the supreme court in the case of *Ober v. Carson*, 62 Mo. 209: "The question of the transfer to, and vesting the title in, the purchaser always involves an inquiry into the intention of the contracting parties; and it is to be ascertained whether their negotiations and acts show an intention on the part of the seller to relinquish all further claim as owner, and on the part of the buyer to assume such control with all liabilities."

For the error pointed out in the instructions the judgment will have to be reversed. In other respects we think the case was properly tried. Judgment reversed, and the cause remanded. All the judges concur.